IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JENNIFER XU,

    Plaintiff,

v.                                                                      CASE NO. 1:09-cv-00187-MP-AK

BOARD OF TRUSTEES OF THE UNIVERSITY OF FLORIDA, DIVISION OF RISK
MANAGEMENT, DEPARTMENT OF FINANCIAL SERVICES,

    Defendants.

_____/

## O R D E R

This matter is before the Court on First Motion to Dismiss Plaintiff's Amended Complaint by Board of Trustees of the University of Florida ("UFBOT"), Doc. 11. Plaintiff has timely responded to this motion, Doc. 12. Defendant claims that Plaintiff has failed to plead a cause of action for gender discrimination and retaliation in the Amended Complaint, Doc. 9. Plaintiff disagrees.

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007). "This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." Morgan v. Hubert, 2009 WL 1884605, *3 (5th Cir. 2009) (internal quotations omitted).

Plaintiff's first claim for relief is that she has been impermissibly discriminated against because of her gender. In order to establish a *prima facie* case of gender discrimination, she

must claim 1) that she is a member of a protected class, 2) that she was qualified for her job, 3) that she suffered an adverse employment action, and 4) that her employer treated similarly situated employees who are not members of her protected class more favorably. Rice-Lamar v. City of Fort Lauderdale, 232 F.3d 836, 842-43 (11th Cir. 2000). In the Amended Complaint, Plaintiff has pled that she is a woman who held her job for over eighteen years before being laid off, and that a man in a similar position was not fired even though the seniority system her employer uses showed that a man should have been let go instead. She has pled that men in roughly her job were given professional training that she was not, that men in her position were allowed to participate in strategic planning when she was excluded, and that men were reimbursed for expenses that she was not. Her pleadings are sufficient as to her claim for gender discrimination.

Plaintiff's second claim is that she was treated adversely in retaliation for her complaints about gender discrimination. To establish a *prima facie* case of retaliation under Title VII, Plaintiff must plead that 1) she engaged in statutorily protected expression, 2) she suffered an adverse employment action, and 3) there is a causal connection between the two events. Brochu v. City of Riviera Beach, 304 F.3d 1144, 1155 (11th Cir. 2002). Here, Plaintiff has pled that she complained about being treated differently from men in her annual evaluation with her supervisor on March 26, 2008, and that she was laid off just three months later, on June 30, 2008, even though the seniority system her employer uses shows she should have been retained and a junior man laid off instead. The third element of this claim (that there is a causal connection between the two events) necessarily calls for a conclusion, but in this case it is a plausible conclusion if all the facts alleged are taken as true, as they must be on a motion to dismiss. That is sufficient.

Defendant is on notice of what the claim is and the grounds upon which it rests. *See* Williams v. Jeremiah's International Trading Company, Inc., 2009 WL 1587216 (M.D. Fla. 2009). Plaintiff's complaint is not a bare recitation of the elements of the claim, as Defendant alleges, but rather is a short and plain statement of the alleged adverse employment actions taken and the circumstances under which they were taken that. Accordingly, the First Motion to Dismiss Plaintiff's Amended Complaint , Doc. 11, is DENIED.

**DONE AND ORDERED** this  *7th* day of January, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge