IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JENNIFER XU,

    Plaintiff,

v.                                                           CASE NO. 1:09-cv-00187-MP-GRJ

BOARD OF TRUSTEES OF
THE UNIVERSITY OF FLORIDA,

    Defendant.

_____/

## O R D E R

This matter is before the Court on doc. 120, motion in limine by defendant, Board of Trustees of the University of Florida (UF). In her response to defendant's motion for summary judgment, plaintiff, Jennifer Xu, referenced and relied on information and allegations of disparate treatment outside the scope of the complaint. UF argues that this evidence has minimal or no relevance in this case and also has significant potential to confuse or prejudice the jury. On January 3, 2012, the Court held a telephonic motion hearing in which both parties participated. For the following reasons, UF's motion in limine is GRANTED in part and DENIED in part.

### I. BACKGROUND

In 2009, Xu filed a two-count amended complaint against UF alleging she was the victim of gender discrimination and retaliation. According to Xu, UF treated her differently and adversely because she was a female. In support of her allegations, Xu claims UF failed to provide her with training that was provided to her male counterpart Chris Leopold and that this denial of training adversely affected her opportunities for advancement. In addition, Xu alleges that UF treated her differently by reimbursing

male employees for Blackberry costs and expenses that it did not reimburse to her. Further, Xu alleges that her supervisor Dan Cromer excluded her from critical meetings and discussions about a proposal to transfer services to UF's central computer network service while allowing Mr. Leopold to participate.  Finally, UF allegedly denied Xu pay raises, as well as, opportunities for advancement and the use of work resources in 2007 and 2008.

In response to the alleged disparity of treatment, Xu states she reported and objected to her treatment on March 26, 2008 by complaining of discriminatory treatment during her annual evaluation meeting with Mr. Cromer.  She also purportedly objected to Cromer's actions against her on April 6, 2008.  Within two months of her alleged complaints, UF terminated Xu's employment.  Xu claims UF should have retained her, as she was more senior than Mr. Leopold whom UF retained.

Xu's amended complaint alleges the above disparate treatment, which occurred in 2007 and 2008; however, her response to defendant's motion for summary judgment referenced and relied on information and allegations of disparate treatment outside the scope of the complaint.  During the hearing, Xu made it clear that she intends to introduce the following evidence at trial.

In 2000, Xu complained of gender discrimination and of a hostile work environment to Dr. Michael Martin, Vice President for Agriculture and Natural Resources, because Mr. Leopold was promoted above her in spite of being at UF for a shorter period of time and having less formal education than her.  In response to this complaint, Xu was reimbursed 26.5 hours of sick leave, promoted to Systems Programmer Manager, the same title as Mr. Leopold, and given the responsibilities of

managing a department separate from Mr. Leopold, which came with both a pay raise and a onetime bonus.

Xu accepted these measures by signing the proposal, which also stated she was withdrawing all pending grievances and complaints against the University in relation to the matter.  Furthermore, she agreed that the measures had addressed and resolved her concerns regarding fair and equitable pay, and the terms of her employment with the University.

Also in 2000, Xu filed a complaint regarding some inappropriate emails that were distributed during a training seminar, some of which were produced by Mr. Leopold. Those responsible for the emails were advised of their improper behavior and given letters of admonishment.  From that time until 2004, Xu complained by correspondence to different parties on at least ten different occasions.  Once in 2003 and twice in 2004, she specifically referred to disparate treatment in relation to the 2000 incident.  Thus, the issue before the Court is whether the plaintiff may present evidence of discrimination and retaliation prior to 2007.

## II DISCUSSION.

In *Turlington v. Atlanta Gas Light Co.*, the Eleventh Circuit held that a plaintiff may "not use time-barred evidence of allegedly discriminatory training practices in order to establish a *prima facie* case." 135 F.3d 1428, 1434 (11th Cir. 1998).  However, "a plaintiff can use evidence of time-barred discriminatory conduct to meet [their] *burden of persuasion* in a case involving circumstantial evidence of discrimination." *Id.* at 1436. "While . . . evidence of discriminatory treatment may concern time-barred conduct, it is relevant, *United Air Lines v. Evans*, 431 U.S. 553, 97 S. Ct. 1885 (1977), and may be

used . . . to illuminate current practices which, viewed in isolation, may not indicate discriminatory motives." *Allen v. Montgomery County, Ala.*, 788 F.2d 1485, 1488 (11th Cir. 1986); see also *Hollingshead v. Windley*, 2008 WL 4809221 at *8 n.21 (S.D. Ala. 2008)(noting when dismissing time-barred acts from 2005 that it was not necessarily foreclosing plaintiff from introducing evidence of those acts to support her claims that acts in 2006 and 2007 were discriminatory); *Gaston v. Home Depot USA, Inc.*, 129 F.Supp. 2d 1355, 1366-67 (S.D. Fla. 2001)(excluding as non-actionable any time-barred claims, court nonetheless considered time-barred events as part of plaintiff's showing of proof for discharge); *Brown v. Walt Disney World Co.*, 805 F. Supp 1554, 1560 (M.D Fla. 1992)(although plaintiff's termination was her only timely claim, court allowed plaintiff to present allegations of denials of promotion, educational opportunities, and pay raises as evidence in her discrimination case).

In the instant case, UF seeks to exclude all evidence of conduct prior to 2007. However, despite being time-barred, this conduct is relevant to current practices and may be used by the plaintiff to meet her *burden of persuasion*. As such, Xu may introduce evidence of discriminatory and retaliatory conduct prior to 2007. However, Xu's claims from 2000 were settled through a signed agreement between the parties. Any evidence of the 2000 settlement agreement would be highly prejudicial and should be excluded. This not only includes the terms of the agreement but also the claims leading up to the agreement. As such, the plaintiff may not introduce evidence of conduct prior to the 2000 settlement agreement. Post settlement conduct may be introduced unless it specifically refers to the settlement agreement.

Accordingly, it is now **ORDERED** as follows:

*Case No: 1:09-cv-00187-MP-GRJ*

1. Defendant's motion in limine, doc. 120, is DENIED to the extent it seeks to bar evidence of discriminatory and retaliatory conduct prior to 2007 and GRANTED to the extent plaintiff is trying to introduce evidence relating to the 2000 claims and settlement.

**DONE AND ORDERED** this 16th day of February, 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge